Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| REYNALDO FIGUEROA SERRANO<br><br>Apelado<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO A TRAVÉS DEL SECRETARIO DE JUSTICIA; NEGOCIADO DE LA POLICÍA DE PUERTO RICO A TRAVÉS DEL COMISIONADO DE LA POLICÍA DE PUERTO RICO<br><br>Apelante | KLAN202500035 | Apelación<br>Procedente del Tribunal de Primera Instancia, Sala de TOA ALTA<br><br>Caso Núm.:<br>TB2024CV00065<br><br>Sobre:<br>Revisión Judicial de Denegación de Licencia de Armas |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2025.

El 14 de enero del año en curso, el Negociado de la Policía de Puerto Rico representado por la Oficina del Procurador General de Puerto Rico (en adelante NPR o parte apelante), acudió ante nos mediante *Escrito de Apelación*. En este, nos solicitó la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Toa Alta (en adelante, TPI), con fecha del 11 de octubre de 2024, notificada el día 24. Por virtud del aludido dictamen, el TPI revocó la determinación del NPPR de denegar la solicitud de licencia de armas presentada por el Sr. Reynaldo Figueroa Serrano (en adelante, apelado).

Estudiado el legajo apelativo y sopesados los argumentos de las partes, al amparo del derecho aplicable que más adelante consignamos, resolvemos **revocar** la determinación apelada. Veamos.

Número Identificador

SEN2025 _____

**-I-**

El 9 de febrero de 2024, el apelado instó *Demanda al amparo del Art. 2.02 de la Ley de Armas de 2020*. Allí, indicó que el 29 de noviembre de 2024, el NPPR remitió carta en la que denegó la solicitud de licencia de armas que había sometido ante su consideración. Tal denegatoria, conforme se alegó, estuvo basada en los Artículos 2.02 D-3 y 2.09 de la Ley de Armas de 2020 (en adelante, Ley de Armas o Ley 168-2019). Específicamente, debido a que una búsqueda en los sistemas digitales de 360 Report Plus reflejó la comisión por su parte de ciertos delitos por lo que no cumplía con los requisitos de ley. En su demanda, el apelado negó que en su caso estuvieran presentes las circunstancias proscritas en el Art. 2.09 de la Ley de Armas. También rechazó el récord señalado, o en la alternativa declaró que, de existir, este era erróneo. Ante este hecho, afirmó cumplir con los requisitos de ley para poseer una licencia de armas atribuyéndole error al NPPR por haberla denegado.

El 23 de julio de 2024, la parte apelante presentó en el caso una *Moción de Desestimación* en la que alegó que la petición del apelado carecía de méritos. Añadió, que no existía duda de que este no cumplía con el requisito de la Ley 168-2019 que exigía no tener convicciones por delitos graves. Específicamente, expuso que el 20 de octubre de 1995, el apelado había sido declarado culpable de violación a los Artículos 6 y 7 de la antigua Ley de Armas, por lo que este no cumplía con los requisitos en ley para ser acreedor de la licencia de armas que solicitó. Planteó que conforme el Artículo 2.02(d)(3) de la Ley de Armas, la Oficina de Licencias de Armas debe determinar y certificar por escrito si el peticionario de una solicitud de licencia de armas cumplía o no con los requisitos establecidos por ley. Señaló que, para ello, conforme el citado artículo, dicha oficina debía realizar una investigación en los archivos digitales de cualquier agencia gubernamental de Puerto Rico, de Estados Unidos o de cualquiera de sus

subdivisiones políticas, de cualquier entidad extranjera o internacional a la que pueda tener acceso. Asimismo, estableció que, si la investigación en los archivos digitales arrojaba que el solicitante no cumplía con los requisitos en ley, la licencia de armas no le sería concedida, sin menoscabo a que el peticionario pueda solicitarla nuevamente en un futuro.

Basándose en lo anterior, y demás argumentos allí expuestos, la parte apelante reclamó que la evaluación de una solicitud de licencia de armas no se circunscribía solamente a si el peticionario o la peticionaria poseía o no un certificado negativo de antecedentes penales. Añadió que estaba facultada en ley para realizar una investigación y determinar si debía concederse o denegarse una solicitud de licencia de arma, que en el presente caso así hizo y que determinó denegar la petición del apelado. Sostuvo que el apelado no ha impugnado la corrección de tal determinación, por lo que debía denegarse la petición del apelado y concederse cualquier otro pronunciamiento que en Derecho procediera.

El 9 de septiembre de 2024, el apelado se opuso a la desestimación solicitada. Al hacerlo, expuso haber completado el proceso para eliminar una convicción conforme los Artículos 6 y 7 de la Ley de Armas del 1951 para eliminar una convicción por delito grave que no implicaba violencia doméstica o violencia, como alegó el NPPR. De igual forma, informó que su petición fue concedida por lo que la convicción fue eliminada de su récord. Habida cuenta de ello, reclamó que el NPPR no podía denegar su solicitud de licencia de armas basándose en una convicción que ya le fue eliminada.

Particularmente, reclamó que el Artículo 8 de la Ley 143-2014, conocida como la *Ley del Protocolo para Garantizar la Comunicación Efectiva entre los Componentes de Seguridad del Estado Libre Asociado de Puerto Rico y del Sistema de Información de Justicia Criminal* (en adelante, Ley 143-2014), establecía que las entidades allí llamadas a componer el Comité

Intergubernamental debían tomar las medidas necesarias para asegurar al máximo posible la seguridad y corrección de toda aquella información que sea recopilada a través del Sistema y para la protección individual de los derechos de privacidad de acuerdo con los principios constitucionales del Estado Libre Asociado.[1] Así, en base a ello y la jurisprudencia citada en su escrito, el apelado catalogó como un error de derecho el que el NPPR hubiera considerado convicciones que le fueron eliminadas como un impedimento para expedirle una licencia de armas.

El 4 de octubre de 2024, el TPI celebró una vista para escuchar argumentos de ambas partes. El día 24, notificó la *Sentencia* apelada. En esta, resolvió que ante el llamado de la Ley 143-2014 a mantener al día la información contenida en los sistemas, el apelado no debía "ser privado de su derecho constitucional federal a tener armas o de su derecho, no menos constitucional, a rehabilitarse, como resultado de la ineficiencia del Comité y/o por la inercia burocrática del NPPR." Por consiguiente, al priorizar los derechos constitucionales del apelado para portar armas y rehabilitarse sobre consideraciones procesales relativas a la expedición de una licencia de armas, revocó la determinación recurrida y ordenó al NPPR a expedir la licencia de armas a favor del apelado.

En desacuerdo, la parte apelante sometió *Moción de Reconsideración.* Esta fue denegada mediante *Orden* del 8 de noviembre de 2024, notificada el día 15. Insatisfecha aún, el NPPR instó el recurso de apelación de epígrafe en el que levantó el siguiente señalamiento de error:

> El Tribunal de Primera Instancia actuó contrario a la ley al revocar la determinación del NPPR que denegó la solicitud de la licencia de armas del apelado de conformidad con los Artículos 2.02(d) y 2.09 de la Ley Núm. 168-2019, que **impide** la concesión de una licencia de armas a alguna persona que ha sido convicta por violación a disposiciones de leyes de armas anteriores, el cual resultó de la investigación en los archivos digitales.

---

[1] 4 LPRA Sec. 533e.

Atendido el recurso, el 21 de enero de 2025, emitimos *Resolución* mediante la que le ordenamos al apelado a comparecer dentro del término reglamentario para así hacerlo. En cumplimiento con ello, el 6 de febrero de 2025, así lo hizo al someter su *Alegato de la Parte Apelada*.

**-II-**

*A.*

La Constitución de los Estados Unidos de América en su segunda enmienda consagra el derecho fundamental de las personas a poseer y portar armas de fuego.[2] Tal derecho, es uno individual, por lo que las personas pueden poseer y portar armas para su defensa propia tanto dentro, como fuera de sus hogares.[3] Ahora bien, el derecho a poseer y portar armas no es absoluto, ni ilimitado, ya que no existe tal derecho para cualquier propósito. *Íd*. Es por esta razón que los Estados pueden tener limitaciones al mismo, siempre y cuando cumplan con el "*text-and history test*" que el Tribunal Supremo de los Estados Unidos desarrolló en el caso New York State Rifle & Pistol Assn., Unc. V. Bruen, *supra*. Entre las limitaciones que han sido validadas, por ejemplo, se encuentra la prohibición de posesión de armas a personas convictas por delitos graves.[4]

*B.*

En Puerto Rico, la Ley 168-2019, es el más reciente estatuto aprobado por nuestra Asamblea Legislativa para regular, entre otras cosas, lo concerniente a la expedición de licencias para portar armas de fuego. En cuanto a esto en particular, la referida ley dispone que la Oficina de Licencias de Armas será quien expedirá las licencias. Ello ocurrirá cuando la parte peticionaria cumpla con los siguientes requisitos:

1) Haber cumplido veintiún (21) años de edad; o haber cumplido dieciocho (18) años de edad y haber juramentado como

---

[2] Enmda. II, Const. EE. UU., LPRA, Tomo 1, ed. 2023, pág. 186.
[3] Pueblo v. Morales Roldán, 2024 TSPR 54, al citar a McDonald v. Chicago, 561 U.S. 742 (2010); Pueblo v. Rodríguez López et al., 210 DPR 752 (2022); District of Columbia v. Heller, 554 U.S. 570 (2008); McDonald v. Chicago, *supra*; New York State Rifle & Pistol Assn., Inc. v. Bruen, 597 US 1 (2022)
[4] District of Columbia v. Heller, *supra* a la pág. 626.

integrante del Negociado de la Policía, Policía Municipal u Oficial de Custodia del Departamento de Corrección.

2) Tener un expediente negativo de antecedentes penales y no encontrarse acusado y pendiente o en proceso de juicio por algunos de los delitos enumerados en el Artículo 2.09 de esta Ley o sus equivalentes, tanto en Puerto Rico, como en cualquier jurisdicción de Estados Unidos, a nivel federal o en cualquier país extranjero.

3) No ser adicto a sustancias controladas o ebrio habitual.

4) No estar declarado incapaz mental por un Tribunal con jurisdicción.

5) No haber sido separado de manera deshonrosa de las fuerzas armadas, de alguna agencia del orden público o por algunos de los delitos enumerados en el Artículo 2.09 de esta Ley o sus equivalentes, tanto en Puerto Rico, como en cualquier jurisdicción de Estados Unidos, o por el uso indebido de su arma de fuego.

6) No incurrir ni pertenecer a organizaciones que incurran en actos de violencia o dirigidos al derrocamiento del gobierno constituido.

7) No estar bajo una orden del tribunal, o haber estado en cualquier momento durante los pasados doce meses previos a la fecha de solicitud, que le prohíba acosar, espiar, amenazar o acercarse a un compañero íntimo, algún familiar de este o a persona alguna.

8) Ser ciudadano o residente legal de Estados Unidos de América.

9) No ser persona impedida por el "Federal Gun Control Act of 1968" a recibir, transportar o enviar armas de fuego o municiones.

Habiéndose recibido el pago correspondiente por los derechos, así como la información y los documentos que los artículos 2.02(b) y (c) de la Ley 168-2019 listan, la Oficina de Licencia de Armas deberá determinar y certificar por escrito si el peticionario cumple con los requisitos que el discutido estatuto establece para la expedición de licencia de armas. Para ello, realizará una investigación "en los archivos digitales de cualquier agencia gubernamental de Puerto Rico, de Estados Unidos o cualquier subdivisión política de este, de cualquier entidad extranjera o internacional a la que pueda tener acceso, incluyendo los archivos del National Crime Information Center (NCIC), del National Instant Criminal Background Check System (NICBCS), el Sistema de Información de Justicia Criminal

(SIJC-PR) y el Registro Criminal Integrado (RCI)." Si de la investigación realizada de los archivos digitales surge que la persona no cumple con todos los requisitos en ley, la licencia de armas no le será concedida.[5]

La Oficina de Licencias de Arma no expedirá una licencia a cualquier persona que haya sido convicta en Puerto Rico de cualquier delito grave o su tentativa, por delito menos grave que conlleve violencia, por conducta constitutiva de violencia doméstica o de acecho o maltrato de menores.[6] De igual manera, tampoco expedirá licencia alguna a favor de una persona que haya sido declarada incapaz mental, ebrio habitual o adicto al uso de sustancias controladas por un tribunal con jurisdicción; ni a persona alguna que haya sido separada bajo condiciones deshonrosas de las Fuerzas Armadas de Estados Unidos, **ni a ninguna persona que haya sido convicta por alguna violación a las disposiciones de esta Ley o de las anteriores Leyes de Armas**. Esto, sin embargo, no impide que la persona pueda solicitarla nuevamente en un futuro. *Íd.*

La persona interesada en obtener una licencia de armas, y a quien esta le fue denegada, podrá solicitar a la Oficina de Licencias de Armas una reconsideración dentro de los próximos 15 días naturales siguientes a la denegatoria de la otorgación de la licencia. La agencia tendrá igual plazo para emitir una determinación y atenderla. De sostenerse la denegatoria, o de no emitirse determinación respecto a la reconsideración, la persona podrá acudir al Tribunal de Primera Instancia para la revisión de la decisión administrativa. *Íd.*

**-III-**

En su recurso, el NPPR alega que el TPI erró al revocar la determinación de su Oficina de Licencias de Armas de denegar al apelado la petición de una licencia de armas a su favor. A su juicio, el lenguaje de la

---

[5] 25 LPRA Sec. 462a (a), (d)(2) y (4).
[6] Art. 2.09 de la Ley 168-2019, 25 LPRA Sec. 462h.

Ley de Armas es claro en cuanto a que, si de la investigación que realice tal oficina **en los archivos digitales** surgía- como ocurrió en el caso- una convicción de aquellas por las que el estatuto expresamente prohíbe la expedición de una licencia, debía pues denegarse esta. Así, expresamente señala que, entre estas prohibiciones, se encuentra la emisión de una licencia de armas a favor de una persona que haya sido convicta por alguna violación a sus disposiciones o a cualquiera contenida en las Leyes de Armas anteriores. Es ante el claro mandato del mencionado estatuto, que la parte apelante sostiene que la mera presentación de un certificado de antecedentes penales negativo no supone la expedición automática de una licencia de armas.

El NPPR reconoce que la Ley 143-2014 establece que se tomarán medidas para asegurar que la información relativa a convicciones cuya eliminación de récord penal de una persona fue ordenada por un tribunal. No obstante, afirma que la aprobación de la Ley de Armas vigente le faculta ante una solicitud de licencia de armas a realizar una investigación más extensa a aquella contenida en el SIJC-PR Así pues, por ejemplo, también podrá investigar los archivos digitales del NCIC; NICS y el RCI.

De otra parte, y para apoyar su postura, el NPPR distingue las circunstancias presentes en el caso de Pueblo v. Ortiz Martínez, 123 DPR 820 (1989), jurisprudencia que el TPI utilizó como guía para su análisis. A tales efectos, destaca que dicho caso se analizó en el contexto de si se podía considerar una convicción eliminada del récord de antecedentes penales para la concesión de una sentencia suspendida, situación distinguible de la presente en la controversia de autos.

Amparándose en todo esto, el NPPR reclama que es válido el fundamento por el cual denegó expedir licencia de armas al apelado y, por consiguiente, falló el TPI al revocar la denegatoria. Coincidimos.

El Art. 2.09 de la Ley 168-2019 establece que la Oficina de Licencias de Armas no expedirá licencia de armas a cualquier persona que, entre otras cosas, haya sido convicta por alguna violación a las disposiciones de esta Ley o de las anteriores Leyes de Armas. El lenguaje de tal artículo no concede discreción alguna al NPPR en estos casos. Por su parte, el Artículo 2.02 (d) (3) establece que, a los fines de evaluar la concesión de una licencia de armas, la Oficina de Licencias de Armas del NPPR podrá realizar una investigación **en los archivos digitales** de cualquier agencia gubernamental de Puerto Rico, Estados Unidos o exterior a la que pueda tener acceso.

Al estudiar ambas disposiciones nos es forzoso concluir que la investigación realizada por la parte apelante se hizo dentro de los parámetros permisibles por ley: los archivos digitales. Asimismo, y dado el inequívoco texto del arriba citado Art. 2.09, *supra,* igual de obligatorio es ultimar que, al conocerse como resultado de la investigación que el apelado fue convicto en su día por violaciones a una Ley de Armas antes vigente, la Oficina de Licencias de Armas del NPPR **tenía** que negarse a expedir la licencia solicitada, pues en su lenguaje no hay cabida para discreción en cuanto a este asunto.

De igual forma, concordamos con la distinción que el NPPR levanta en cuanto a la jurisprudencia utilizada por el TPI en su análisis. Al resolver la controversia, el TPI estimó que la situación en el presente caso era muy similar a la de Pueblo v. Ortiz Martínez, *supra*, y citándole enunció que "no puede darse la anomalía de que mientras de un lado el Superintendente de la Policía certifica negativamente, por otro lado, el tribunal acuda a sus archivos para resucitar esas convicciones". También, en base a la citada jurisprudencia, concluyó que carecería de propósito que el legislador autorizara su eliminación y su certificación negativa, si todavía pudieran utilizarse por el NPPR para, entre otras cosas, denegar la expedición de una licencia de armas a un ciudadano.

No escapa a nuestra atención, sin embargo, que en el citado caso se resolvió que la eliminación de la convicción del récord penal tiene efecto sobre todo asunto jurídico pendiente **en el contexto de una convicción anterior como impedimento para una sentencia suspendida**. Asimismo, advertimos que la ley actual y aplicable a la controversia, así como los requisitos y mecanismos de investigación es distinta a aquella vigente al resolverse el caso. Ello así, pues la Ley 168-2019 establece la investigación de convicciones en Puerto Rico y cualquier jurisdicción de los Estados Unidos mediante consulta **en archivos digitales** de cualquier agencia gubernamental a la que pueda tener acceso, incluyendo los archivos del NCIC, el NICBCS, el Sistema de Información de Justicia Criminal y el Registro Criminal Integrado.

La interpretación de las disposiciones de la Ley de Armas efectuada en el presente caso descansa en jurisprudencia y leyes aprobadas, previo a la aprobación de la Ley 168-2019.[7] Tal exégesis fue inadecuado, pues ignoró los desarrollos posteriores que ha sufrido el ordenamiento jurídico aplicable. Particularmente, desconoce el lenguaje tajante de la nueva Ley de Armas que prohíbe otorgar una licencia de armas a quien, conforme una investigación en los archivos digitales arroje, haya sido condenado por violación a sus disposiciones o a las de sus predecesoras.

**-IV-**

Por todo lo anterior, revocamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís

---

[7] Nótese que la Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales fue aprobada el 27 de julio de 1974. A nuestro juicio, la conclusión más razonable al analizar la interacción de esta ley con la Ley 168-2019 es que, en ocasiones como la de autos, una condena borrada de otro modo del récord de una persona en virtud de la primera pueda tomarse en consideración en el contexto específico del lenguaje insertado por la Asamblea Legislativa en la última.

Secretaria del Tribunal de Apelaciones